IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:97-CR-245-N-1 |
| | ) | |
| ANDREW LEE MCCLINTON, | ) | |
| BOP No. 30882-077, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Andrew Lee McClinton's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 133], the government's response [Dkt. No. 135], and McClinton's reply [Dkt. No. 136]. For the reasons explained below, McClinton has not shown an extraordinary and compelling reason for a reduced sentence, and therefore, the Court **DENIES** the motion.

### Applicable Background

In October 1997, McClinton was convicted of three counts of obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951(a); and three counts of using, carrying and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). McClinton's convictions were for a series of robberies that occurred over about thirty minutes at a Sonic, Chevron, and Domino's Pizza on April 6, 1997. *See* Dkt. No. 125 (sealed). McClinton had no prior criminal conviction. *Id.* On January 16, 1998, McClinton was sentenced to 6 years on each robbery count, to run concurrently; five years' imprisonment on the first § 924(c) count, to run consecutively to the sentence imposed on the robbery counts; and 20 years' imprisonment on each of the other two § 924(c) counts, to run consecutively to the sentence imposed on the other counts, *see* Dkt. No. 64 (Solis, J.) (sealed), resulting in a total sentence of 51 years' imprisonment.

The United States Court of Appeal for the Fifth Circuit affirmed McClinton's convictions. *See United States v. McClinton*, 162 F.3d 94 (5th Cir. 1998), *cert. denied*, 530 U.S. 1206 (2000). McClinton sought post-conviction relief, but his first motion was dismissed as time barred. *See McClinton v. United States*, 3:02-CV-231-P (N.D. Tex. Aug. 18, 2003), *appeal dismissed*, No. 06-10374 (5th Cir. June 6, 2006). McClinton filed a motion to reduce sentence in 2016, which was recharacterized as a second motion to vacate and transferred to the Fifth Circuit as a successive habeas petition. *McClinton v. United States*, No. 3:16-cv-1427-N-BN, 2016 WL 3675603 (N.D. Tex. May 27, 2016), *rec. accepted*, 2016 WL 3613264 (N.D. Tex. July 6, 2016). The motion to file a successive motion to vacate was denied. *McClinton v. United States*, No. 16-11035 (5th Cir. Oct. 26, 2016).

## Legal Standards

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). Under Section 3582(c)(1)(A) as amended by the First Step Act (the FSA), however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

And, if a defendant does proffer a reason for a reduction that the Court finds to be extraordinary and compelling, that alone is not a basis to reduce a sentence. The defendant still must convince the Court "to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392); *see also United States v. Clark*, No. 24-10020,

2024 WL 4930383, at *2 (5th Cir. Dec. 2, 2024) (per curiam) (Section 3553 factors "independently

support the court's denial.").

## Discussion

Before a defendant may bring his own motion, the FSA, "in clear language, specifies" that

"a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's

behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting § 3582(c)(1)(A)).

This "prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory

claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101-02 (5th Cir. 2021) (per

curiam) (citing *Franco*, 973 F.3d at 467-68)). So, if "the Government properly raise[s] the rule

requiring exhaustion in the district court, 'the court *must* enforce the rule.'" *Id.* at 102 (quoting

*Franco*, 973 F.3d at 468). Here, the government does not raise the rule but instead admits that

McClinton has exhausted his remedies, *see* Dkt. No. 135 at 2, and McClinton convincingly shows

that he has exhausted his administrative remedies, *see* Dkt. No. 133 at 2 n.1. The Court will

therefore consider the merits of his motion.

When McClinton was sentenced, 18 U.S.C. § 924(c)(1) imposed a mandatory minimum

sentence of 5 years for a first conviction and 20 years for a "second or subsequent conviction."

COMPREHENSIVE CRIME CONTROL ACT OF 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat. 2138,

2138-39 (as amended by ANTI-DRUG ABUSE ACT OF 1988, Pub. L. No. 100-690, § 6460, 102 Stat.

4181, 4373-74). Under *Deal v. United States*, mandatory minimums for "second or subsequent"

convictions applied to multiple Section 924(c) counts charged in a single case even if a defendant

had not previously been finally convicted or even charged with a violation of Section 924(c). *See*

*Deal*, 508 U.S. 129, 130-36 (1993). In 2018, the FSA clarified that the mandatory minimum only

applies to a second or subsequent conviction after the first conviction is final. *See* FIRST STEP ACT

OF 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22 (codified at 18 U.S.C. § 924(c)(1)(C)).

Although there is a difference of opinion between the government and McClinton as to what sentence he would likely receive if he were sentenced today, they agree that McClinton's sentence would be significantly less if he were sentenced today. *Compare* Dkt. No. 133 at 2, *with* Dkt. No. 135 at 5. Using the government's higher estimate, McClinton would be sentenced to 324 months (or 27 years) rather than 51 years. *See* Dkt. No. 135 at 5. The change was not retroactive, however. *Id.* ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

The sole reason asserted by McClinton to reduce his sentence is that his sentence is unusually long, there is a gross disparity between his sentence and the sentence that would be imposed today, and he has served more than ten years of the sentence. That reason is now listed as an "extraordinary and compelling reason" in the Sentencing Guidance. *See* U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023). But before the Sentencing Commission released its guidance, the Fifth Circuit determined that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam); *see also United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) ("A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way" and, therefore, "is not an extraordinary or compelling reason to reduce a prisoner's sentence." (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023))).

- 4 -

Congress failed to define "extraordinary and compelling reasons," specifically leaving "that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) (quoting 28 U.S.C. § 994(t); citing *United States v. Shkambi*, 993 F.3d 388, 390-91 (5th Cir. 2021)). But the Fifth Circuit recently addressed Section 1B1.13(b)(6) of the Sentencing Guidance, holding that the Sentencing Commission "cannot make retroactive what Congress made non-retroactive" and "'does not have the authority to amend'" the Fifth Circuit's prior construction of the statute. *Austin*, 125 F.4th at 692 (quoting *Neal v. United States*, 516 U.S. 284, 290 (1996)).[1]

Because the Court determines that, under Fifth Circuit precedent, McClinton has not asserted an extraordinary and compelling reason to support his motion, the Court need not reach the Section 3553(a) factors. But, if it did, the factors would support granting the motion. Although McClinton committed serious crimes, he had no prior criminal conviction, no one was injured, he has already been imprisoned longer than he likely would be if he were sentenced today, and the government does not contest his claims about his rehabilitation and the support system available to assist him if he were released. Given these factors, if it were left solely to the discretion of this Court, it would grant the motion, but the Court must follow Fifth Circuit precedent as to what constitutes an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A).

---

[1] The Court acknowledges that there is some conflict within the Fifth Circuit as to this issue. Prior to *Austin*, a different panel of the Fifth Circuit held that a district court could consider non-retroactive changes in the law as an extraordinary and compelling reason for a sentence reduction, relying primarily on the Supreme Court's decision interpreting a different provision of the First Step Act in *Concepcion v. United States*, 597 U.S. 481 (2022). *See generally United States v. Jean*, 108 F.4th 275 (5th Cir. 2024). A petition for rehearing *en banc* is fully briefed and pending in that case. Although *Jean* attempted to distinguish *Escajeda*, the *Austin* decision determined that *Jean* was wrongly decided and did not follow the rule of orderliness. *See Austin*, 125 F.4th at 692-93. The mandate has not yet issued in *Austin*, but the panel recently denied a motion to vacate the decision based on subsequent events and no timely petition for rehearing or rehearing *en banc* was filed.

### Conclusion

The Court **DENIES** Defendant Andrew Lee McClinton's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 133].

**SO ORDERED** this 12th day of March, 2025.


DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE